IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PURCELL BRONSON,                    )
                                    )
            Plaintiff               )
                                    )
      vs.                           )
                                    )
MARTIN HORN, et al.,                )
                                    )    Civil Action No.02-663
            Defendants              )    Judge Bloch/
                                    )    Magistrate Judge Hay
                                    )
                                    )
                                    )    Re: Doc. Nos. 109 & 120

## REPORT AND RECOMMENDATION

RECOMMENDATION

         It is respectfully submitted that, pursuant to
Fed.R.Civ.P. 20 and 21, the action be dismissed as against all
defendants except for Martin Horn, as the first named defendant,
without prejudice to Plaintiff's filing such separate complaints
as conform with Fed.R.Civ.P. 20 within 45 days of the district
court's adoption of this report and recommendation.  It is
further recommended that, pursuant to the Prison Litigation
Reform Act, the action be dismissed against Martin Horn as being
malicious.  It is also recommended that Plaintiff's partial
motion for summary judgment (Doc. 109) be denied given that his
claims contained therein are dismissed as being malicious.
Lastly, it is submitted that Defendants' Motion to Dismiss (Doc.
120) be dismissed as moot in light of this report's recommended
disposition.

REPORT

          Purcell Bronson ("Plaintiff")is a twice-convicted

murderer and a prodigious litigator.[1]  He has filed or

participated as a plaintiff/petitioner in over one-hundred and

fifty-five cases since 1971, seventy of these cases having been

brought in this district.[2]  In the course of his extensive

litigation efforts, Plaintiff has, of course, accumulated many

more than "three strikes."[3]  Plaintiff also has a history of

_____

1    See Bronson v. Stickman, No. 04-0019 (W.D. Pa. Doc.
    1)(attached to Doc. 1 is an exhibit which is the Superior
    Court's slip opinion in the case of Commonwealth v. Bronson,
    No. 29 WDA 2003 (Pa. Super. Sept. 3, 2003) recounting
    Plaintiff's convictions.

2    See Bronson v. Wehrle, No. 71-MC-5196 (W.D. Pa.); Bronson v.
    Robinson, No. 71-CV-1167 (W.D. Pa.); Bronson v. Burke, No.
    77-CV-792 (W.D. Pa.); Bronson v. Howard, No. 78-CV-533 (W.D.
    Pa.); Bronson v. Howard, No. 78-CV-760 (W.D. Pa.); Bronson
    v. Nocito, No. 78-CV-1247 (W.D. Pa.); Bronson v. Cuyler, No.
    79-CV-279 (W.D. Pa); and cases listed in Tab 1 hereto.

3    A non-exhaustive list of strikes are as follows:
    Bronson v. Zimmerman, No. 86-CV-1311, 1986 WL 3860 (E.D. Pa.
    March 27, 1986 dismissing complaint as frivolous); Bronson
    v. Matty, No. 88-CV-6860, 1989 WL 18855 (E.D. Pa. March 1,
    1989 dismissing complaint as frivolous); Bronson v. Ehnot,
    No. 88-8941, 1988 WL 131371 (E.D. Pa. Dec. 5, 1988
    dismissing complaint as frivolous); Bronson v. Aetna
    Casualty & Surety Co., No. 88-9634, 1989 WL 2414 (E.D. Pa.
    Jan. 10. 1989 dismissing complaint as frivolous); Bronson v.
    Supreme Court of Pennsylvania, No. 89-5552, 1989 WL 100048
    (E.D. Pa. Aug. 25, 1989 dismissing complaint as frivolous);
    Bronson v. City of Philadelphia, No. 89-CV-9632, 1989 WL
    23062 (E.D. Pa. March 14, 1989 dismissing complaint as
    frivolous); Bronson v. Ehnot, No. 90-CV-1802, 1990 WL 33946
    (E.D. Pa. March 21, 1990 dismissed as frivolous); Bronson v.
    Walker, No. 92-3495 (3d Cir. Appeal dismissed as frivolous
    entered in District Court's docket on 5/4/93); Bronson v.
    Walker, No. 92-3496 (3d Cir. Dismissing appeal as frivolous
    order entered on District Court's docket 5/4/93); Bronson v.
    Judge Walter Stapleton, 93-CV-807 (W.D. Pa. Doc. # 5,
    dismissing complaint as frivolous entered 6/16/93); Bronson

filing cases or appeals and then failing to prosecute them.  See

e.g., Bronson v. McFetridge, No. 94-CV-1766 (W.D. Pa. Doc. # 61

transcript and Doc. # 63 order and opinion, dismissing suit for

failure to prosecute as a sanction for Plaintiff's refusal to

attend his trial concluding that "Plaintiff's conduct was

willful."  Doc. # 63 at p.6).[4]  In fact, Plaintiff has engaged in

> v. Frye, No. 94-CV-549 (W.D. Pa. Doc. # 3 entered 4/4/94
> dismissing case pre-service); Bronson v. Frye, No. 94-3245
> (3d Cir. 8/5/94 dismissing appeal as "being without arguable
> legal and/or factual merit" under 28 U.S.C. 1915(d));
> Bronson v. Frye, No. 94-CV-846 (W.D. Pa. Doc. # 3 entered
> 5/23/94 dismissing complaint pre service); Bronson v. Frye,
> No. 94-3308 (3d Cir. Dismissing appeal as with out arguable
> legal and/or factual merit under 28 U.S.C. 1915(d)); Bronson
> v. Paul, No. 94-CV-1302 (W.D. Pa. Doc. # 3, entered 8/4/94
> dismissing complaint pre-service); Bronson v. F.B.I., No.
> 94-CV-1315 (W.D. Pa. Doc. # 3, entered 8/4/94 dismissing
> case as frivolous); Bronson v. Judge McCrudden, No. 94-CV-
> 1823 (W.D. Pa. Doc. # 2 entered 5/11/94 dismissing case as
> frivolous); Bronson v. Office of the Clerk, No. 94-CV-6416
> (E.D. Pa. Doc. # 2, entered 10/25/94 and Doc. # 5, entered
> 11/23/94, dismissing complaint as frivolous); Bronson v.
> Lehman, No. 95-CV-319 (W.D. Pa. Doc. # 12, entered 11/14/95
> granting Defendants' motion to dismiss); Bronson v.
> Newfield, No. 95-CV-1025 (M.D. Pa. Doc. # 25 entered
> 11/26/96 granting Defendant's motion to dismiss); Bronson v.
> Newfield, No. 96-7771 (3d Cir. dismissing appeal as
> frivolous);  Bronson v. Davis, No. 95-CV-1184 (M.D. Pa. Doc.
> # 15, 3/25/96 order granting Defendants' motion to dismiss);
> Bronson v. Hunt, 95-CV-1373 (W.D. Pa. Doc. # 5 entered
> 9/15/95 dismissing complaint as legally frivolous); Bronson
> v. Collins, No.  95-CV-1374 (W.D. Pa. Doc. # 5 entered
> 9/15/95 dismissing complaint as frivolous); Bronson v.
> Edwards, No. 96-CV-522 (W.D. Pa. Doc. # 15, granting
> Defendants motion to dismiss); Bronson v. Edwards, No. 96-
> CV-522 (W.D. Pa. Doc. # 18, Appeals Court dismisses appeal
> as frivolous).

4    Other examples where Plaintiff has filed a case or appeal and
     then failed to prosecute it include: Bronson v. Orkwiz, No. 90-
     5242 (3d Cir. 5/22/90 dismissing appeal for failure to timely
     prosecute); Bronson v. Zimmerman, No. 91-5067 (3d Cir. 3/7/91
     same); Bronson v. Judge Bloch, No. 93-3196 (3d Cir. 3/11/94
     same); Bronson v. Edwards, No. 95-362 (3d Cir. 6/27/96 same);

3

this kind of wasteful behavior in this very case.  See Doc. 94

(order of Court of Appeals dismissing the appeal he filed at No.

03-3284 for failure to prosecute).

Consistent with his past history of vexatious

litigation, Plaintiff has brought the instant 303-paragraph civil

rights complaint against roughly sixty-five different defendants,

all of whom are employees of or independent contractors with the

Pennsylvania Department of Corrections, complaining of a laundry

list of events at two different state prisons over the span of

nearly four years, related only by the fact that Plaintiff is a

Bronson v. McFetridge, No. 02-1555 (3d Cir. Jan. 24, denying
leave to appeal IFP and requiring payment of fees, and order of
4/30/03 dismissing appeal for failing to prosecute); Bronson v.
White, No. 98-3348 (3d Cir. 12/7/98 order dismissing appeal for
failure to timely prosecute); Bronson v. Mrkonja, No. 94-CV-2195
(W.D. Pa. See Doc. Nos. 131 and 138 orders from Court of Appeals
dismissing two different appeals in the same case for failure to
timely prosecute); Bronson v. Syed, No. 95-CV-671 (W.D. Pa. Doc.
# 55 entered 5/15/97 dismissing action for failure to prosecute);
Bronson v. Edwards, No. 95-CV-782 (W.D. Pa. Doc. # 18, Court of
Appeals dismisses appeal for failure to prosecute); Bronson v.
Hunt, 95-CV-1373 (W.D. Pa. Doc. # 7 showing Court of Appeals
dismissed appeal for failure to prosecute); Bronson v. Collins,
No. 95-CV-1374 (W.D. Pa. Doc. # 7 showing same); Bronson v.
Vaughn, No. 95-CV-7375 (E.D. Pa. Doc. # 20, Appeals Court
dismisses appeal for failure to prosecute, Plaintiff failed to
provide prisoner account statement); Bronson v. Jones, No. 96-CV-
2001 (M.D. Pa.  Doc. # 221 Appeals Court dismisses appeal for
failure to prosecute); Bronson et al. v. Frank, No. 96-CV-2029
(M.D. Pa. Doc. # 98 Appeals Court dismisses appeal for failure to
timely prosecute); Bronson v. Evans,  98-CV-630 (M.D. Pa. Doc. #
38 copy of Appeals Court order dismissing appeal for failure to
timely prosecute); Bronson v. Stachelek, No. 98-CV-925 (M.D. Pa.
Doc. # 96 copy of Appeals Court order dismissing appeal for
failure to timely prosecute); Bronson v. Frank, No. 98-CV-1583
(M.D. Pa. Doc. # 40 entered 6/26/2000 Appeals Court order
dismissing case for failure to timely prosecute); Bronson v.
Stanish, No. 99-CV-2220 (M.D. Pa. Doc. # 236 Appeals Court order
dismissing appeal for failure to timely prosecute).

4

prisoner and he complains of the conditions of his incarceration.[5]

Presently before the court for disposition are Plaintiff's motion for partial summary judgment and Defendants' motion to dismiss or for summary judgment.[6]

### Improper Joinder under Fed.R.Civ.P. Rule 20

As noted, Plaintiff's Amended Complaint names roughly sixty-five defendants. Pursuant to Rule 20 of the Federal Rules of Civil Procedure, defendants may be joined in a single action only where certain requirements have been met. Specifically, Rule 20 provides in relevant part that:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a). The purpose of Rule 20 "is to entertain the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged. Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974)(quoting United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966)." Directv v. Loussaert, 218 F.R.D. 639, 641-42

---

5    Procedurally, we note that the controlling document here is Document 41, the Amended Complaint.

6    Also pending is Plaintiff's motion for a temporary restraining order and/or preliminary injunction, which the court addresses in a separate report and recommendation being issued simultaneously herewith.

(S.D. Iowa 2003). However, not every joinder of parties necessarily comports with Rule 20. As explained by one court, "Rule 20(a) imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; and (2) some common question of law or fact must be present with respect to all parties in the action (i.e. a common thread)." Intercon Research Associates, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1982). Moreover Rule 18, which permits joinder of multiple claims against a party does not trump Rule 20's requirements because "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Wright & Miller: Federal Prac. & Proc. § 1655 (2001). Accord Intercon, 696 F.2d at 56-57.

Plaintiff's Amended Complaint joins roughly 65 defendants, recounting distinct and disparate events that span from November 12, 1998 (¶ 99 of Doc. 41) to October 31, 2002 (¶ 295 of Doc. 41). The Amended Complaint alleges claims ranging from denial of a request for religious diet by one defendant (¶ 99, occurring in 1998) to being sexually propositioned by another

6

defendant (¶ 68, occurring in May 1999)) to having a different
defendant debit Plaintiff's prison account although allegedly not
authorized to do so (¶ 258, occurring in December 2000 and
ongoing) to having Plaintiff's mail from his brother delayed by
another defendant (¶ 197, occurring in March 2002) to having
other defendants deny Plaintiff an accommodation under the
Americans With Disabilities Act (¶163, occurring in March - May
2001).  The Amended Complaint includes allegations of wrongdoing
apparently occurring in at least two different prisons, SCI-
Pittsburgh (where many of the allegations are supposed to have
occurred) and SCI-Smithfield (¶¶ 81-98).[7]  In light of the
disparate claims against the many defendants, located at two
different prisons, which apparently occurred over the course of
nearly four years, neither of Rule 20's two requirements is met
in Plaintiff's Amended Complaint.  The court finds Plaintiff's
attempt to join so many claims against so many defendants which
are unrelated, in one suit, to constitute a violation of Rule 20.

　　　　　Pursuant to Fed.R.Civ.P. 21, a misjoinder of
defendants, "is not ground for dismissal of an action.  Parties
may be dropped ... by order of the court on motion of any party
or of its own initiative at any stage of the action and on such

---

7    Incidentally, the court notes that SCI-Smithfield is not
     located within the Western District but is in Huntingdon
     County, which is located within the Middle District, which
     makes venue in the Western District improper as to the
     claims regarding SCI-Smithfield.

terms as are just.  Any claim against a party may be severed and
proceeded with separately."  Fed.R.Civ.P. 21; <u>Sabolsky v.</u>
<u>Budzanoski</u>, 457 F.2d 1245, 1249 (3d Cir. 1972)("The proper remedy
in case of misjoinder is to grant severance or dismissal to the
improper party if it will not prejudice any substantial right.").
Accordingly, it is recommended that the district court dismiss
all of the defendants except the first named defendant, Martin
Horn, without prejudice to Plaintiff's filing such complaints as
are in conformity with Fed.R.Civ.P. 20, within 45 days of the
district court's order adopting the report and recommendation.

        The court is not unaware of the potential statute of
limitations problem attendant to this recommendation, hence as to
any complaints filed within 45 days of the district court's
order, the court will deem those actions to have been filed as of
the filing of the original complaint or the amended complaint,
depending on whether the claims against the defendants were
expressly included in the original complaint or in the amended
complaint.[8]  We caution, however, that those actions which were

---

8   Similarly, this Court is not unaware of the age of this
    case.  However, Plaintiff's own hand in the aging of the
    case is clearly visible as evidenced by the following:
    Plaintiff filed an amended complaint ten months after filing
    his original complaint; Plaintiff filed multiple motions for
    temporary restraining orders and/or preliminary injunctions,
    to which the court ordered Defendants to respond and on
    which rulings were required; Plaintiff filed two frivolous
    or vexatious appeals in the Third Circuit Court of Appeals,
    one of which was ultimately dismissed on his failure to
    prosecute, the other of which was dismissed for want of
    jurisdiction, Plaintiff having appealed a non-final order;

untimely as of the filing of the original complaint and/or the amended complaint would be untimely filed even if included in the new actions.[9]  Furthermore, if Plaintiff does seek to file complaints that comply with Rule 20 concerning the actions alleged in the current amended complaint, he will be required to pay the filing fee[10] as to any and all complaints that do not allege imminent risk of serious physical injury at the time of the filing of those complaints, which will be deemed to be either

---

and one of the Circuit appeals resulted in a stay of the district court case for a period of four months.

9   For purposes of calculating the statute of limitations, our starting point is determining the date the complaint was "filed" in this case.  Under the prisoner mail box rule, a pro se prisoner's civil action will be deemed filed on the date that the prisoner delivers the complaint to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Further, in recognition of the difficulty of ascertaining when a prisoner relinquishes control of the complaint to prison authorities, "the date the prisoner signed the original complaint is presumed to be the date plaintiff gave the complaint to prison officials to be mailed."  Minques v. Nelson, No. 96 CV 5396, 2004 WL 324898, at *3 (S.D.N.Y. 2004)(citing cases).  In this case, although the original complaint is dated February 1, 2001, it was not received by the Clerk's office until February 26, 2002.  Further, the original complaint makes allegations concerning events occurring after February 1, 2001.  Thus, the court concludes that Plaintiff mistakenly placed the date of February 2001 on the complaint when he meant to date it February 2002.  Hence, any alleged violations of Plaintiff's rights occurring prior to February 1, 2000, would be time barred.  See Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985)("the two-year limitation for personal injury actions of 42 Pa.Const.State.Ann § 5524 governs all § 1983 actions brought in Pennsylvania.").  Those now time-barred violations would include all those alleged at paragraphs 67-120 and 139-145 in the instant Amended Complaint.

10  By lumping the many unrelated claims into a single complaint here, Plaintiff improperly avoided payment of appropriate filing fees.

9

February 1, 2002, the date of the filing of the original
complaint, or February 12, 2003, the date of the filing of the
amended complaint.  Since for purposes of the statute of
limitations we will deem the complaints filed as of those dates,
we will likewise consider those dates for measuring imminent risk
of serious physical injury.

### Review of the Claims Against Defendant Horn

In the Prison Litigation Reform Act ("PLRA"), Pub. L.
No. 104-134, 110 Stat. 1321 (1996), Congress adopted major
changes affecting civil rights actions brought by prisoners in an
effort to curb the increasing number of frivolous and harassing
law suits brought by persons in custody.  See Santana v. United
States, 98 F.3d 752, 755 (3d Cir. 1996).  The PLRA in relevant
part added Section 1915A to Title 28, United States Code,
requiring courts to screen civil actions in which a prisoner
seeks redress from a governmental entity or officer or employee
of a governmental entity and to dismiss the complaint, or any
portion of the complaint, if, inter alia, it is frivolous or
malicious or fails to state a claim upon which relief may be
granted.  28 U.S.C. § 1915A(3)(2)(B); Nieves v. Dragovich, No.
96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997)("Under
provisions of the Prison Litigation Reform Act codified at 28
U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e(c), the district
courts are required, either on the motion of a party or sua

sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted."), aff'd, 175 F.3d 1011 (3d Cir. 1999)(Table).

The PLRA, in relevant part, also amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, to provide that the court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions if the court is satisfied that the action is, inter alia, frivolous or malicious or fails to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(1). The statutory phrase "action brought with respect to prison conditions" as used in Section 1997e is very broad and embraces all claims regarding the conditions of a prisoner's confinement. See Booth v. Churner, 206 F.3d 289, 294-295 (3d Cir. 2000)(construing the phrase "prison conditions" broadly and explaining the phrase as follows: "We read this clause to refer to civil actions ranging from excessive force actions, such as Booth's, to actions 'with respect to' a prison official's decision not to make basic repairs in the prison, or intentionally to deny a prisoner food, heating, or medical attention. All of these actions affect the lives of prisoners similarly: They make their lives worse."), aff'd, 531 U.S. 956 (2001).

The court's obligation to dismiss a complaint under the PLRA is not excused even after the defendants have filed a motion

11

to dismiss.  See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6
(9th Cir. 2000).  Hence, if there is a ground for dismissal which
was not relied upon by Defendant Horn in his motion, the court
may nonetheless sua sponte rest its dismissal upon such ground
pursuant to the screening provisions of the PLRA.  See Lopez.

        A complaint is malicious if it "duplicates the
allegations of another complaint filed by the same plaintiff[.]"
Crane v. Cockrell, 67 Fed.Appx. 243, 243 (5th Cir. 2003); see
also Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993).  Indeed,
"[r]epetitious litigation of virtually identical causes of action
may be dismissed under § 1915 as frivolous or malicious."
McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997)
(quotation marks and alteration omitted).  See also Johnson v.
Edlow, 37 F.Supp.2d 775, 776 (E.D. Va. 1999)("In determining
whether an action is malicious, the court must look not only to
the complaint before it, but also to the plaintiff's prior
litigious conduct.").

        Here, the instant complaint against Defendant Horn is
clearly repetitious of other actions filed by Plaintiff and,
therefore, malicious.  For example, compare the paragraphs of the
amended complaint concerning Defendant Horn, i.e., 9-21, 26-31,
118, and 282-284 (Doc. 41), with the following:

12

1.   Bronson v. Dickson, No. 01-1706 (W.D. Pa. Doc. # 6

at ¶¶ 3-14.[11]  Attached at Tab 2.

2.   Bronson v. Dickson, No. 02-791 (W.D. Pa. Doc.

proposed habeas petition at ¶ 1-17, the habeas petition was date

stamped as received by the court as of April 25, 2002, just two

months after this court received the original complaint in the

case at bar).  Attached at Tab 3.

3.   Bronson v. Stickman, No. 04-19 (W.D. Pa. Doc. No.

4, ¶¶ 1-11).[12]  Attached at Tab 4.

_____

11   For example compare ¶ 14 of Doc. 6 in C.A. 01-1706, wherein
     Plaintiff complained:

     Petitioner's confinement [in the LTSU] is further cruel and
     unusual, as he is made to house with mentally distrubed
     [sic] inmates, who as a result of their illness spit and
     throw human waste (feces and urine) at anyone, including the
     petitioner, and flood their cell block with toilet water
     containing human waste, subjecting petitioner to contracting
     HIV-AIDS, Hepatitis, and Turberculosis [sic].  Petitioner is
     forced to smell and breath sickening odors, and to lose
     sleep due to the noise these prisoners make, who kick on
     their doors and holler at the top of their lungs, at all
     times of the day and night.

     with ¶ 26 of Doc. 41 in the instant case, wherein Plaintiff
     complained:

     Plaintiff's confinement [in the LTSU] is cruel and unusual,
     as he is housed with prisoners suffering from mental health
     problems, who, as a result of their illness throw human
     waste (feces and urine) at each other, guards, and other
     prisoners, and flood the block with toilet water containing
     human waste, thereby subjecting Plaintiff to sickening
     odors, stress, and unsanitary living conditions.

12   These first three cases, all filed by Plaintiff in the
     Western District, were ostensibly filed as habeas petitions,
     a transparent effort by Plaintiff to attempt to avoid the
     three strikes bar to him filing further civil rights
     actions.  However, by December 17, 2001, this Court informed
     Petitioner that he could not attack his placement in the

4.   Bronson et al. V. Horn, No. 01-26 (M.D. Pa. Doc.

No. 1, Tab 1 at ¶¶ 3 - 20)(originally filed in Commonwealth Court

and removed to federal court)(available online)

5.   Bronson et al. v. Horn, No. 03-130 (M.D. Pa. Doc. 1

Ex. A at ¶¶ 7-16; 23-27)(originally filed in Common Pleas Court

of Luzerne County court and removed to federal court)(available

online).

Inasmuch as the allegations against Defendant Horn are

duplicative and, thus, malicious, they should be dismissed.[13]

The subject of Plaintiff's partial summary judgment

motion (Doc. 109) concerns the promulgation of the LTSU policy

_____

LTSU via a habeas petition as that concerned a condition of
confinement. Notwithstanding this, he tried twice more to
file habeas petitions to challenge his placement and/or
conditions in the LTSU. Three times the Court of Appeals
informed him he could not do so, the earliest of which was
on November 22, 2002. Bronson v. Demming, 56 Fed.Appx. 551
(3d Cir. 2002). The Court of Appeals applied the holding of
Bronson v. Demming, to two other appeals of habeas petitions
filed by Plaintiff as well. Bronson v. Demming, No. 00-2461
(3d Cir. Order dated 11/22/02); Bronson v. Demming, No. 01-
2430 (3d Cir. Order dated 11/22/02). Notwithstanding this
clear direction from the Court of Appeals, Petitioner again,
in January 2004, attempted to file a habeas petition that
contested the validity of his placement in the LTSU raising
nearly identical claims, taken almost verbatim from his two
previous habeas petitions, see Bronson v. Stickman, No. 04-
19 (W.D. Pa.), and now repeated for a **sixth** time in the
present case at bar.

13   The court notes that other claims Plaintiff raised in the
instant case also were duplicative and hence malicious.
Compare Doc. 41 at ¶ 61 with Bronson et al. v. Horn, No. 01-
220 (M.D. Pa. Doc. 68 at ¶ 12 (which reads "Respondent Toski
on or about Nov. 17, 2000 refused to abide by Directive 803,
and did not provide petitioners with the requested legal
supplies for each of the two(2) [sic] cases they submitted
during that time period).

14

and Plaintiff's placement therein.  The very paragraphs of the
complaint discussed above that should be dismissed as being
malicious because they are duplicative form the basis of the
claims in Plaintiff's partial summary judgment motion.  As the
allegations in the complaint concerning the promulgation of LTSU
policy and his protests about being placed therein are
recommended to be dismissed as malicious, Plaintiff's partial
summary judgment motion, based on those very allegations, should
be denied.

Finally, the Defendants' motion to dismiss should be
dismissed as moot in light of this report and recommendation's
disposition of the case.

**CONCLUSION**

For the above stated reasons, it is respectfully
submitted that, pursuant to Fed.R.Civ.P. 20 and 21, the action be
dismissed as against all defendants except for Martin Horn, as
the first named defendant, without prejudice to Plaintiff's
filing such separate complaints as conform with Fed.R.Civ.P. 20
within 45 days of the district court's adoption of this report
and recommendation.  It is further recommended that, pursuant to
the Prison Litigation Reform Act, the action be dismissed against
Martin Horn as being malicious.  It is also recommended that
Plaintiff's partial motion for summary judgment (Doc. 109) be
denied given that his claims contained therein are dismissed as

15

being malicious.  Lastly, it is submitted that Defendants' Motion
to Dismiss (Doc. 120) be dismissed as moot in light of this
report's recommended disposition.

        In accordance with the Magistrates Act, 28 U.S.C. §
636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are
allowed ten (10) days from the date of service to file written
objections to this report.  Any party opposing the objections
shall have seven (7) days from the date of service of the
objections to respond thereto.  Failure to timely file objections
may constitute a waiver of any appellate rights.

                                Respectfully submitted,


                                /s/ Amy Reynolds Hay
                                AMY REYNOLDS HAY
                                United States Magistrate Judge

Dated: 29 September, 2005

cc:  The Honorable Alan N. Bloch
     United States District Court Judge

     Purcell Bronson
     AF-8163
     SCI Camp Hill
     P.O. Box 200
     Camp Hill, PA 17001

     Craig E. Maravich
     Office of the Attorney General
     564 Forbes Avenue
     6th Floor, Manor Complex
     Pittsburgh, PA 15219


                              16

# Tab 1

# Select A Case

## This person is a party in 63 cases.

| 2:90-cv-01235-ANB-RCM | BRONSON v. ZIMMERMAN, et al | filed 07/24/90 |
|---|---|---|
| 2:92-mc-18220-ANB | BRONSON v. WALKER, et al | filed 08/11/92 |
| 2:92-mc-18221-ANB | BRONSON v. WALKER, et al | filed 08/11/92 |
| 2:93-cv-00807-ANB-RCM | BRONSON v. STAPLETON | filed 05/21/93 |
| 2:93-cv-00982-ANB-FXC | BRONSON v. STICKMAN, et al | filed 06/22/93 |
| 2:93-cv-01267-ANB-RCM | BRONSON v. DOMOVICH, et al | filed 08/03/93 |
| 2:93-cv-01684-ANB-FXC | BRONSON v. LEHMAN, et al | filed 10/13/93 |
| 2:93-cv-01898-ANB-FXC | BRONSON, et al v. GOOD, et al | filed 11/16/93 |
| 2:93-cv-02058-ANB-FXC | BRONSON v. WALKER, et al | filed 12/10/93 |
| 2:93-mc-00120-ANB | BRONSON v. DEP.SUPT. CALLITHEN, et al | filed 03/04/93 |
| 2:93-mc-00148-ANB | BRONSON v. McFETRIDGE | filed 03/18/93 |
| 2:93-mc-00163-WLS-RCM | BRONSON v. BLOCH | filed 03/23/93 |
| 2:94-cv-00020-ANB-FXC | BRONSON v. WALKER, et al | filed 01/06/94 |
| 2:94-cv-00301-ANB | BRONSON v. FRYE, et al | filed 02/24/94 |
| 2:94-cv-00330-ANB-FXC | BRONSON v. EDWARDS, et al | filed 02/28/94 |
| 2:94-cv-00539-ANB-FXC | BRONSON v. PA BD PROB & PAROLE, et al | filed 04/01/94 |
| 2:94-cv-00549-ANB | BRONSON v. FRYE, et al | filed 04/01/94 |
| 2:94-cv-00579-FXC | BRONSON v. MARRYSHOW, et al | filed 04/08/94 |
| 2:94-cv-00634-ANB-RCM | BRONSON v. DOMOVICH, et al | filed 04/19/94 |

| 2:94-cv-00703-ANB-FXC | BRONSON v. STATE CORRECTIONAL I, et al | filed 04/29/94 |
|---|---|---|
| 2:94-cv-00793-ANB | BRONSON v. BENDER, et al | filed 05/13/94 |
| 2:94-cv-00846-ANB | BRONSON, et al v. FRYE, et al | filed 05/23/94 |
| 2:94-cv-00935-ANB-FXC | BRONSON, et al v. FERSON, et al | filed 06/06/94 |
| 2:94-cv-01095-ANB-FXC | BRONSON v. HUNT, et al | filed 06/30/94 |
| 2:94-cv-01238-ANB-FXC | BRONSON v. COYNE | filed 07/26/94 |
| 2:94-cv-01302-ANB | BRONSON v. PAUL | filed 08/04/94 |
| 2:94-cv-01315-ANB | BRONSON v. FBI | filed 08/05/94 |
| 2:94-cv-01526-FXC | BRONSON v. SCHWARM, et al | filed 09/08/94 |
| 2:94-cv-01716-ANB-FXC | BRONSON v. THOMPSON, et al | filed 10/12/94 |
| 2:94-cv-01766-FXC | BRONSON v. MCFETRIDGE | filed 10/19/94 |
| 2:94-cv-01787-ANB | BRONSON v. FBI | filed 10/24/94 |
| 2:94-cv-01928-FXC | BRONSON, et al v. WHITE, et al | filed 11/17/94 |
| 2:94-cv-02195-FXC | BRONSON v. MRKONJA, et al | filed 12/22/94 |
| 2:95-cv-00306-ANB-FXC | BRONSON v. BRENNAN, et al | filed 03/03/95 |
| 2:95-cv-00307-ANB-FXC | BRONSON v. WARNER, et al | filed 03/03/95 |
| 2:95-cv-00319-ANB-FXC | BRONSON v. LEHMAN, et al | filed 03/06/95 |
| 2:95-cv-00320-ANB-RCM | BRONSON v. WHITE, et al | filed 03/06/95 |
| 2:95-cv-00430-ANB-FXC | BRONSON v. ALCOFF, et al | filed 03/21/95 |
| 2:95-cv-00592-ANB-FXC | BRONSON v. CALLITHEN, et al | filed 04/19/95 |
| 2:95-cv-00671-ANB-FXC | BRONSON v. SYED, et al | filed 05/03/95 |
| 2:95-cv-00672-ANB-FXC | BRONSON v. ANDERSON, et al | filed 05/03/95 |

| 2:95-cv-00673-ANB-FXC | BRONSON v. COLLINS | filed 05/03/95 |
| 2:95-cv-00782-ANB-FXC | BRONSON v. EDWARDS, et al | filed 05/19/95 |
| 2:95-cv-01030-ANB-FXC | BRONSON v. EDWARDS, et al | filed 07/06/95 |
| 2:95-cv-01031-ANB-FXC | BRONSON v. YOUNG | filed 07/06/95 |
| 2:95-cv-01032-ANB-FXC | BRONSON v. EDWARDS | filed 07/06/95 |
| 2:95-cv-01373-ANB-FXC | BRONSON v. HUNT, et al | filed 08/28/95 |
| 2:95-cv-01374-ANB-FXC | BRONSON v. COLLINS, et al | filed 08/28/95 |
| 2:95-cv-01511-ANB-FXC | BRONSON v. SPAGNOLETTI, et al | filed 09/21/95 |
| 2:96-cv-00105-FXC | BRONSON v. SCI AT PITTSBURGH, et al | filed 01/24/96 |
| 2:96-cv-00389-ANB-FXC | BRONSON v. EDWARDS, et al | filed 03/04/96 |
| 2:96-cv-00390-ANB-FXC | BRONSON v. MOORE | filed 03/04/96 |
| 2:96-cv-00391-ANB-FXC | BRONSON v. EDWARDS | filed 03/04/96 |
| 2:96-cv-00392-ANB-FXC | BRONSON v. TISCHUK, et al | filed 03/04/96 |
| 2:96-cv-00522-ANB-FXC | BRONSON v. EDWARDS, et al | filed 03/21/96 |
| 2:96-cv-01392-ANB-FXC | BRONSON v. NOVAK | filed 07/24/96 |
| 2:99-cv-00995-ANB-FXC | BRONSON v. DOE, #1, et al | filed 06/23/99 |
| 2:01-cv-01021-ANB-ARH | BRONSON v. DICKSON, et al | filed 06/05/01 |
| 2:01-cv-01706-ANB-FXC | BRONSON v. DICKSON, et al | filed 09/12/01 |
| 2:02-cv-00547-ANB-ARH | BRONSON v. MINNICK, et al | filed 03/20/02 |
| 2:02-cv-00663-ANB-ARH | BRONSON v. HORN, et al | filed 04/05/02 |
| 2:02-cv-00791-ANB-FXC | BRONSON v. DICKSON, et al | filed 04/25/02 |
| 2:04-cv-00019-ANB-ARH | BRONSON v. STICKMAN, et al | filed 01/07/04 |

# Tab 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Purcell Bronson,

      Petitioner

    v.

Joel S. Dickson, Rebecca Kessler,
Edward Howe, Martin F. Horn,
Jeffrey Beard, Thomas L. Fulcomer,
and their agents.

      Respondents

C.A. No. **01 1706**

## PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

Pursuant to 28 U.S.C 2241 (a),(c),&(3), Purcell Bronson petition this Court for the issuance of a writ of habeas corpus based on the following grounds, facts and legal contentions:

1. On or about July 1995 and on an ongoing basis, respondents made decisions to indefinitely confined petitioner to the Restricted Housing Unit ("RHU") which unit metamorphosed into the Long Term Segregation Unit ("LTSU") at SCI-Pittsburgh.

2. Over time respondents have utilized various reason to support their decisions, none of which were supported by then current and relevent evidence, at their hearings.

3. On or about Sept. 26, 2000 respondents made another decision to transfer petitioner from SCI-Dallas, to the LTSU, aka the RHU.

4. Respondents' reason for confinement of petitioner to the LTSU was that he was a danger to some person(s) in the institution who could not be protected by alternative measures.

5. At no time did respondents identify the alleged person(s) on petitioner's Program Review Committee's ("PRC") committment sheet dated Sept. 27, 2000, that he was an alleged danger to.

6. Respondents decision to confine petitioner was a pretext for retaliation for petitioner's legal activities against them, and the Department of Corrections employees over the years, which activities are noted throughout petitioner's prison records.

7. At said PRC Hearing petitioner was not allowed representation, witnesses in his defense, or 24 hours advance notice to prepare for the Hearing.

8. Respondents' decisions deprived petitioner of substantial and procedural due process of law under the 14th amendment to the U.S. Constitution, as petitioner was not provided a Hearing in accord with Wolff v. McDonnel, 418 U.S. 539 (1974), and under State law 37 Pa. Code §93.11(b), and 2 Pa.C.S. §101 et seq.

9. As a result of respondents' Hearing decision, petitioner has been deprived of his right to be free from crul and unusual punishment under the Eight amendment, as the sanction imposed (indefinite RHU confinement) is extremely disproportionate, and unnecessary and excessive, as there are less severe and adequate remedies available, as a matter of record, to achieve any preceive legitimate security concern.

10. Petitioner has been confined to the RHU for eight years, and at the time of his transfer to the LTSU was under administrative custody status for non-punitive purposes, the same status that the LTSU seeks to obtain for its confinees.

11. Respondents' decision to transfer petitioner was arbitrary and an exaggerated response, and a violation of petitioner's first amendment right to petition the Court for redress without fear of reprisal, as respondents sought to retaliate and silence petitioner through their placing petitioner in the LTSU, their further intent being to moot petitioner's pending civil suits pending against SCI-Dallas, and further, to separate petitioner from his attorney's office located in Wilkes-Barre, Pa.

12. As a further result of respondents' decision, petitioner's right to be free from discriminatory treatment has been violated, in that, respondents have restricted petitioner's rights, and access to his personal property and privileges, while allowing similarly situated prisoners these same rights, property and privileges, such as, publications, commissary food items, idle pay, phone calls, etc.

13. Petitioner's confinement is further unlawful as the totality of said confinement has inflicted injuries upon the petitioner consisting of, but not limited to: a) extreme mental anxiety and stress, b) weight loss through control starvation, c) erosion of sanity, d) sensory deprivation, e) depression, f) muscle atrophy thru lack of meaningful exercise, g) fatigue, h) insomnia, and i) high blood pressure.

14. Petitioner's confinement is further cruel and unusual, as he is made to house with mentally distrubed inmates, who as a result of their illness spit and throw human waste (feces and urine) at anyone, including the petitioner, and flood their cell block with toilet water containing human waste, subjecting petitioner to contracting HIV-AIDS, Hepatitis, and Turberculosis. Petitioner is forced to smell and breath sickening odors, and to lose sleep due to the noise these prisoners make, who kick on their doors and holler at the top of their lungs, at all times of the day and night.

15. In relationship to the ordinary incidents of general prison population life at SCI-Pittsburgh, petitioner has been subjected to atypical and significant hardship.

16. As petitioner's allegations, if true, necessarily imply the invalidity of the punishment and judgment of the respondents, and the Hearing results, h abeas relief is appropriate.

17. Respondents' acts and actions violated the 1st, 8th, and 14th amendment to the U.S. Constitution and petitioner's rights under the Pennsylvania Constitution.

18. Petitioner has exhausted his state court, and prison administrative remedies.


**Wherefore,** by reasons of the foregoing allegations, the Court should issue a writ of habeas corpus directing respondents and their agents to release petitioner from the LTSU/RHU to general prison population.

Respectfully submitted,

Purcell Bronson
P.O. Box 99901
Pitts, Pa. 15233

**Tab 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Purcell Bronson,                    :
                Petitioner          :
                                    :        C.A. No. **02-0791**
        v.                          :
                                    :
Joel S. Dickson, Rebecca Kessler    :
Edward Howe, Martin F. Horn,        RECEIVED
Jeffrey Beard, Thomas L.            :
Fulcomer, and their Agents.         APR 25 2002
                Respondents
                                    CLERK, U.S. DISTRICT COURT
                                    WEST. DIST. OF PENNSYLVANIA

### PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

        Pursuant to 28 U.S.C. 2241 (a),(c),&(3). Purcell Bronson petition
this Court for the issuance of a writ of habeas corpus based on the fol-
lowing grounds, facts and legal contentions:

        1. On or about July 1995 and on an ongoing basis, respondents
made decisions to indefinitely confined petitioner to the Restricted
Housing Unit ("RHU"), which unit metamorphosed into the Long Term Segre-
gation Unit ("LTSU") at SCI-Pittsburgh.
        2. Over time respondents have utilized various reasons to support
their decisions, none of which were supported by then current and rele-
vant evidence, at these hearings.
        3. On or about Sept. 26, 2000, respondents made another decision
to transfer petitioner from SCI-Dallas, to the LTSU, aka RHU.
        4. Respondents reason for confinement of the petitioner to the
LTSU was that he was a danger to some person(s) in the institution who
could not be protected by alternative measures.
        5. At no time did respondents identify the alleged person(s) on
petitioner's Program Review Committee's ("PRC") committment sheet dated
Sept. 27, 2000, that he was an alleged danger to.
        6. Respondents decision to confine petitioner was a pretext for
retaliation for petitioner's legal activities against them, and the De-
partment of Corrections employees over the years, which activities are
noted throughout petitioner's prison records.
        7. At said PRC Hearing, petitioner was not allowed representation,
witnesses in his defense, or 24 hour advance notice to prepare for the
Hearing.
        8. Respondents' decision deprived petitioner of substantial and
procedural due process of law under the 14th amendment to the U.S. Con-
stitution, as petitioner was not provided a Hearing in accord with Wolff
v. McDonnel, 418 U.S. 539 (1974), and under state law 37 Pa. Code §93.11
(b), and 2 Pa.C.S. §101 et seq.
        9. As a result of respondents' Hearing decision, petitioner has
been deprived of his right to be free from cruel and unusual punishment
under the Eight Amendment, as the sanction imposed (indefinite RHU con-
finement) is extremely disproportionate, and unnecessary and excessive,
as there are less severe and adequate remedies available, as a matter of
record, to achieve any preceive legitimate security concern.

10. Petitioner has been confined to the RHU for eight years, and at the ime of his transfer to the LTSU was under administrative custody status for non-punitive purpose, the same status that the LTSU seeks its confinees to obtain.

11. Respondents' decision to transfer petitioner was aebitrary and an exaggerated response, and a violation of petitioner's first amendment right to petition the Court for redress without fear of reprisal, as resopndents sought to retaliate and silence petitioner throught their placing petitioner in the LTSU, their further intent being to moot petitioner's pending civil suits pending against SCI-Dallas, and further, to separate petitioner from hhis attorney's office located in Wilkes-Barre, Pa.

12. As a further result of respondents' decision, petitioner's right to be free from discriminatory treatment has been violated, in that, respondents have withheld petitioner's rights and privileges, while allowing similarly situated prisoners these same rights, property and privileges, such as, incoming publications, commissary food items, idle pay, phone calls, etc.

13. Petitioner's confinement is further unlawful as the totality of said confinement has inflicted injuries upon the petitioner consisting of, but not limited to: a) extreme mental anxiety and stress, b) weight loss throught control starvation, c) erosion of sanity, d) sensory deprivation, e) depression, f) muscle atrophy thru lack of meaningful exercise, g) fatigue, h) insomnia, i) hight blood pressure, and j) impairement of vision.

14. Petitioner's confinement is further cruel and unusual, as he is made to house with mentally distrubed inmates, who as a result of their illness, spit and throw haman body waste (feces and urine) at anyone, including the petitioner, and flood their cell and block with toilet water containing human body waste, subjecting petitioner to contracting HIV-AIDS, Hepatitis, and Turberculosis, which diseases some of them are infected with. Petitioner is force to smell and breath the sicking odors created by this human waste throwings, and made to lose sleep due to the noice these inmate make, who kick on their doors, and holler at the top of their lungs, at all times of the day and night.

15. In relationship to the ordinary incidents of general prison population life at SCI-Pittsburgh, petitioner has been subjected to atypical and significant hardship.

16. As Petitioner's allegations, if true, necessarily imply the invalidity of the respondents decision and the hearing results, nabeas relief is appropriate. See Edwards v. Balisok, 117 S.Ct. 1584, 1588 (1997).

17. Respondents acts, actions, practices, and policies violated the 1st, 8th, and 14th amendments to the U.S. Constitution, and petitioner's rights under the Pennsylvania Constitution.

18. Petitioner has exhausted his prision remedies under DC-ADM 804 at Grievances numbers PIT-0704-00 & 0711-00, on Dec. 13, 2000.

19. Petitioner has exhausted his highest state court remedies at Bronson v. Beard, et al., No. 43 WM 2000 (Pa. Supreme Ct) denying habeas relief, on August 2, 2001.

Wherefore, by reason of the foregoing allegations, the Court should issue a writ of habeas corpus directing respondents and their agents to release petitioner from the LTSU/RHU to general population.

Respectfully submitted

Purcell Bronson
P.O. Box 99901
Pitts, Pa. 15233

I declare under the penalty of perjury that the foregoing is true and correct.
Executed on   3 / 2 / 0 2

Purcell Bronson

CERTIFICATE OF SERVICE

I, Purcell Bronson, hereby certify that I caused the foregoing pleading to be served upon the below named partys this 4th day of march by depositing a copy of same in the prison mail box first class mail addressed to:

Joel L. Dickson
Rebecca Kessler
Edward Howe
P.o. Box 99901
Pitts, Pa. 15233

Thomas L. Fulcomer
Deceased

Martin F. Horn
225 Main Capitol
Harrisburg, Pa. 17120

Jeffrey Beard
P.o. Box 598
Camp Hill, Pa. 17001

By: _____
Purcell Bronson

RECEIVED

MAR 0 5 2002

CLERK, U. S. DISTRICT COURT
'EST. DIST. OF PENNSYLVANIA

RECEIVED

MAR 0 5 2002

CLERK, U. S. DISTRICT COURT
'EST. DIST. OF PENNSYLVANIA

.

# Tab 4

IN  E UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Purcell Bronson,
                  Petitioner      **RECEIVED**

          v.                   JAN 0 7 2004      No. **04  0019**

Superintendent Stickman, U.S. DISTRICT COURT
Jeffery Beard, and Agents IST. OF PENNSYLVAN'
          Respondents



## PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

        The Court has juridiction under 28 U.S.C.Sec. 2241(c)(3), to
hear this matter, and any other appropreate jurisdiction.

        1. On Sept 1, 2000 respondent former secretary of the Dept.
of Correction(DOC) promulgated Policy6.5.1 creating another restricted
housing unit, labeled "LTSU," and respondent Beard adopted said Policy
when he became secretary of the DOC.

        2. Former Superintendent Johnson enforced said policy, and pre-
sent Supertendent Stickman and his agents are enforcing said policy.

        3. On Sept. 26, 2000 respondents Beard and his john doe agents
confined petitioner to the LTSU retroactively as a problematic prisoner,
and place him under disciplinary conditions of confinement (under the
label of AC status).

        4. As a result of respondents arbitrary actions, petitioner
was place under atypical and significant hardship for three years, with-
out a due process hearing, and made to house with mentally disturbed
prisoners infected with AIDS, HIV, TB, and Hepatitis, who as a matter
of their illness, throw human waste (feces and urine) and flood the
block with tainted toilet water containing human waste, subjecting
petitioner to sickening odors, unsanitary living conditions, loud con-
tenuous noice, depriving petitioner of sleep, and subjecting him to
contracting deseases. Petitioner has been doused with human waste.

        5. As a result of this housing, petitioner has been made to
suffer cruel and unusual punishment consisting of but not limited to:

        1) sensory deprivation, severe depression, mental and emotional
anxiety, stress, weight lost, hair loss, muscle atrophy due to lack
of meaninful exercise, fatigue, high blood pressure, insomnia, erro-
sion of sanity and deterioration of eyesight.

        6. As said Policy 6.5.1. has been stated by respondents attor-
neys to be non-retroactive, but prospective, as siad policy was effect-
ive Sept. 1, 2000, respondents had no authority to use past expired
acts of the petitioner as the reason to confine petitioner to the LTSU.

7. Respondents knowing beforehand that their policy was not troactive, still acted unlawfully, when they went back into petitioner's past and picked out acts committed by petitioner that he had been punished for. They further made erroneous statements in their transfer document, and fail to give petitioner a due process hearing in front of the decision makers, to argue against the unlawful retroactive confinement based on fradulent information.

8. Although administrative agencies may in some instances, promulgate regulations that apply retroactively, the intent to do so must appear clearly and unequivocally on the face of the regulations. <u>Romig Unemployment Compensation Case</u> 183 Pa.S 360 (1977); <u>Community County Day School V. Com. Dept. of Educ.</u> 414 A.2d 425, n. 6. (1980); <u>Shabazz v. Cole</u>, 69 F.Supp.2d 177 (D. Mass. 1999)(retroactive effect if it increase a party's liability for past conduct).

9. Respondents Policy does not state such intent cleary on its face.

10. Respondents did not have lawful control over the petitioner to place him into the LTSU project pursuant to a non-retroactive policy, rendering their decision and petitioner's confinement null and void.

11. Respondents violated petitioner's rights under the 4th, 8th and 14th amendments to the U.S. Constitution.

12. Petitioner has exhausted his state court and prison remedies to no avail.

13. Petitioner seeks a writ of habeas corpus from this Court directed to respondents and their agents to release petitioner to general neration population, and any other relief the Court deems proper and just.

<u>Wherefore</u>, the petition should be granted.

Respectfully submitted,

Purcell Bronson
P.O. Box 99901
Pitts, Pa. 15233