IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PURCELL BRONSON,                )
                                )
          Plaintiff             )
                                )
     vs.                        )
                                )
MARTIN HORN, et al.,            )
                                )   Civil Action No.02-663
          Defendants            )   Judge Alan N. Bloch/
                                )   Magistrate Judge Amy Reynolds Hay

**MEMORANDUM ORDER**

Purcell Bronson had previously filed an amended complaint (Doc. 41) comprised of 303 paragraphs, containing claims against roughly 65 defendants, recounting distinct and disparate events that spanned from November 12, 1998 (¶ 99 of Doc. 41) to October 31, 2002 (¶ 295 of Doc. 41). That complaint was dismissed for the most part because it violated Fed.R.Civ.P. 20 and 21. Doc. 166 (R&R) and 170 (Order adopting R&R). For the most part, the complaint was dismissed without prejudice to plaintiff filing within 45 days of the District Court order adopting the Report and Recommendation, an amended complaint that conformed to Fed.R.Civ.P. 20 and 21.[1] Doc. 166 at 1. After the Court entered its order, the Clerk of Courts closed the case. Unbeknownst to the Court, Plaintiff attempted to comply with the Court's order by sending in a complaint to the Court which he had apparently signed on January 26, 2006 (hereinafter "the proposed complaint").

---

[1] The claims against Defendant Horn were dismissed with prejudice as being malicious.

Again, unbeknownst to the Court, the Clerk's office rejected Plaintiff's proposed complaint by letter dated February 14, 2006, giving as the reason that the case was closed.

To rectify this situation and to assure a complete record for purposes of any appeal, the Clerk is hereby **DIRECTED** to file the proposed complaint. However, it will be **DISMISSED** with prejudice for failing to comply with the previously entered court order, which required Plaintiff to file a complaint that conformed to the Federal Rules.

The January 2006 proposed complaint suffers from the same defects as the prior operative complaint. The proposed complaint names roughly 34 defendants (at least six of whom were not named in the caption of the operative complaint, *i.e.*, they are totally new defendants) and complains of separate and distinct incidents occurring over the span of time from September 23, 2000, (Proposed Complaint at ¶¶ 4-6) to October 20, 2003 (id. at ¶¶ 80 - 82). These separate and distinct events concerning these 34 defendants spanning a period of over three years do not satisfy Rule 20's requirements that Plaintiff's multiple claims against the defendants present (1) a right to relief by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions, and (2) some common question of law or fact be present with respect to all parties in the action (*i.e.*, a common thread). Intercon Research Associates, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1982).

2

In addition to violating Rules 20 and 21, the proposed complaint, in part, is not really an amended complaint but a supplemental complaint[2] insofar as it complains of events occurring after the date of the filing of what the court has referred to as the operative complaint, i.e., Doc. 41, which was deemed to have been filed on February 12, 2003. See proposed complaint at ¶¶ 11-18 (complaining of events occurring on or after April 7, 2003) and ¶¶ 29 (complaining of events occurring on March 30, 2003) and ¶¶ 80 - 82 (complaining of events occurring on or after October 20, 2003). Fed.R.Civ.P. 15(d) makes clear that a supplemental complaint may not be filed without leave of court. See, e.g., Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1156 (5th Cir. 1992)("Dillard filed his supplemental complaint (which was stricken for failure to ask leave of court to file it)"); ECL Industries, Inc. v. Ticor and Southern Pacific Co., No. 85 Civ. 9592, 1986 WL 9222, *2 (S.D.N.Y. Aug. 18, 1986)("Ticor filed a supplemental complaint (without seeking leave of court, as required by Rule 15(d), F.R.Civ.P.)"). Hence, insofar as the proposed complaint complains of events after

---

[2] A supplemental pleading is a pleading that recounts some matter that occurs after the beginning of the action or after a responsive pleading has been filed. Klee v. Pittsburgh & W. Va. Railway Co., 22 F.R.D. 252, 254 (W.D. Pa. 1958).

3

February 12, 2003, it is in violation of Fed.R.Civ.P. 15(d) because Plaintiff has not sought leave to file such.[3]

In addition, Plaintiff's proposed complaint is malicious insofar as some of the claims are repetitive. A complaint is malicious if it "duplicates the allegations of another complaint filed by the same plaintiff[.]" Crane v. Cockrell, 67 Fed.Appx. 243, 243 (5th Cir. 2003). See also Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993). Indeed "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997)(quotation marks and alteration omitted). Here, the proposed complaint is, in no small part, clearly repetitious of other actions filed by Plaintiff and, therefore, malicious. For example, compare paragraphs 68 - 70 of the proposed complaint with Bronson v. Dickson, No. 01-1706 (W.D. Pa. Doc. # 24 at ¶¶ 13-15). Compare ¶¶ 4-6 of the proposed complaint with Bronson et al. v. Horn, No. 3:CV-01-26 (M.D. Pa. Doc. # 317 at ¶¶ 2, 4-15) with Bronson v. Dickson, No. 02-791 (W.D. Pa. Doc. proposed habeas petition at ¶¶ 12 & 15) with Bronson v. Dickson, No. 01-1706 (W.D. Pa. proposed habeas petition at ¶¶ 3, 10, 12, & 15).

---

[3] Even if Plaintiff had filed or would file a motion requesting leave to file a supplemental complaint, the court, in exercising its sound discretion, would have denied or would deny such a request since the attempted supplement does not meet the requirements of Fed.R.Civ.P. 15.

4

In light of all of the foregoing, and considering the relevant Poulis[4] factors, the Court determines that dismissal with prejudice is warranted and so the Court enters the following:

**NOW** this 12th day of June 2006, it is hereby **ORDERED** that the proposed complaint is **DISMISSED WITH PREJUDICE**.

Furthermore, pursuant to 28 U.S.C. § 1915(a), the Court certifies that any appeal from this order would not be taken in good faith.

                                                                          _____
ALAN N. BLOCH
United States District Judge

cc:  Hon. Amy Reynolds Hay
     United States Magistrate Judge

     Purcell Bronson
     AF-8163
     SCI Camp Hill
     P.O. Box 200
     Camp Hill, PA 17001

     Craig E. Maravich
     Office of the Attorney General
     564 Forbes Avenue
     6th Floor, Manor Complex
     Pittsburgh, PA 15219

---

[4] Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)